IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 3:25cr196-MCR

DEVON MAE WITRYK
_______________________________/

# PLEA AGREEMENT

## 1. PARTIES TO AGREEMENT

This agreement is entered into by and between Devon Mae Witryk as Defendant, Valerie Erwin Prevatte as attorney for Defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against Defendant.

## 2. TERMS

The parties agree to the following terms:

a. Defendant will plead guilty to Count One, Neglect of a Child under Fla. Stat. § ~~82.03(2)(d)~~ 827.03(2)(d) and 18 U.S.C. §§ 7 and 13. As to Count One, Defendant faces up to five (5) years' imprisonment and up to three (3) years of supervised release, a

VEP DAW
WSN



FILED IN OPEN COURT 6/16/26
CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

$250,000 fine; and a $100 special monetary assessment. Defendant agrees to pay the special monetary assessment on or before the date of sentencing.

If Defendant is unable to pay the special assessment prior to sentencing due to indigence, Defendant agrees to participate in the Inmate Financial Responsibility Program.

The maximum sentence to which Defendant is subject includes the forfeiture of all forfeitable assets.

b. By voluntarily pleading guilty to the charge in the Indictment, Defendant, as to the count pled herein, knowingly waives and gives up constitutional rights which attend a defendant on trial in a criminal case. These constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

c. Defendant is pleading guilty because Defendant is in fact guilty of the charge alleged in Count One of the Indictment. In pleading guilty, Defendant acknowledges that were this case to go to trial, the government would present evidence to support the charge beyond a reasonable doubt.

d. Upon the District Court's adjudication of guilt of Defendant for the charged crimes, the United States Attorney, Northern District of Florida, will not file any further criminal charges against Defendant arising out of the same transactions or occurrences to which Defendant has pled. Defendant agrees that substantial evidence exists to support the charge, as indicated in the agreed-upon statement of facts incorporated by reference into this plea agreement.

e. Nothing in this agreement shall protect Defendant in any way from prosecution for any offense committed after the date of this agreement.

f. If Defendant is not a citizen of the United States, Defendant understands that this conviction may adversely affect Defendant's immigration status, and Defendant may be removed from the United States, denied citizenship in the United States, and denied admission to the United States in the future.

g. The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offenses.

h. Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offenses

committed by Defendant. The United States Attorney further reserves the right to correct any misstatements by Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in 18 U.S.C. § 3553(a), including sentencing recommendations, and whether departure or variance upward or downward is appropriate.

3. SENTENCING

a. Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b. The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of Defendant's plea.

c. The parties reserve the right to appeal any sentence imposed.

4. FORFEITURE OF ASSETS

a. Defendant agrees to forfeit to the government immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture,

whether in the possession or control of the government, Defendant, or Defendant's nominees. The net proceeds from the forfeiture and sale of any specific asset(s) will be credited to and reduce the amount the government shall be entitled to forfeit as substitute assets pursuant to 21 U.S.C. § 853(p).

b. As stated in 21 U.S.C. § 853(p), the government may be entitled to forfeit other property of Defendant (substitute assets). As described in 21 U.S.C. § 853(p), Defendant consents to, and agrees not to oppose, any motion for substitute assets filed by the government up to the amount of proceeds obtained from commission of the offense or up to the value of any directly forfeitable asset that is unavailable or cannot be located. Defendant consents to the entry of the forfeiture order into the Treasury Offset Program.

c. Defendant admits and agrees that the conduct described herein and in the incorporated statement of facts provides a sufficient factual and statutory basis for the forfeiture of property sought by the government, and hereby agrees and consents to the forfeiture of assets pursuant to any federal criminal, civil, judicial, or administrative forfeiture action. Defendant hereby withdraws all claims and petitions that Defendant has filed in any forfeiture proceeding. Defendant also agrees to waive all challenges to any federal criminal, civil, judicial, or administrative forfeiture proceeding carried out in accordance with this Plea Agreement on any waivable ground.

d. Prior to sentencing, Defendant agrees to accurately and completely identify every asset that is either owned by Defendant or is under Defendant's control, whether forfeitable or not. Defendant agrees to fully and truthfully disclose all facts that could tend to support Defendant's ownership or control of property that is forfeitable under the laws of any jurisdiction, including property that may be forfeitable as substitute assets. Defendant agrees to forfeit all forfeitable assets to the government or to agencies designated by the government. Defendant shall take all steps necessary to transfer forfeitable assets to the government, including but not limited to executing any documents, consenting in any form or cause of action required by the government, providing information and supporting documentation within Defendant's possession or control, and inducing such persons holding property on Defendant's behalf to transfer such property to the government. These transfers shall be completed prior to sentencing.

e. At his sole discretion, the United States Attorney may decline to forfeit assets when the value, or level of equity, or interests not subject to forfeiture, or costs, or other factors make profitable forfeiture impractical.

f. Forfeiture of Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Defendant in addition to forfeiture.

Blank Page

AUSA: [signature]

Defense Attorney: Valerie Prevatte

Defendant: [signature]

CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not Defendant agrees to cooperate with the government. The parties agree to the Supplement to Plea Agreement entered in this case.

Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

JOHN P. HEEKIN
United States Attorney

Valerie Prevatte
VALERIE ERWIN PREVATTE
Attorney for Defendant

6-16-26
Date

(for)
MEREDITH L. STEER
South Carolina Bar No. 105392
Assistant United States Attorney
Northern District of Florida
111 N. Adams Street, Fourth Floor
Tallahassee, FL 32301
meredith.steer@usdoj.gov

Devon Witryk
DEVON MAE WITRYK
Defendant

15 May 2026
Date

6/16/2026
Date